**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| BRIAN L. MILLER, ) | |
| ) | COMPLAINT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| LDG FINANCIAL SERVICES, LLC ) | |
| JANE DOE ) | |
| ) | |
| Defendants ) | |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here

**PARTIES**

4. Plaintiff Brian Miller is a natural person who resides in the City of Germantown, Montgomery County, State of Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Defendant LDG Financial Services, LLC (hereinafter "LDG") is a collection agency whose principal place of business is located at 7001 Peachtree Industrial Blvd, Ste 320, Norcross, GA 30092, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.  Defendant Jane Doe (hereinafter "Defendant Doe") is a natural person who was employed at all times relevant herein by Defendant LDG as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

7.  On or about December 3, 2008, Plaintiff incurred financial obligation that were primarily for personal, family or household purposes and is therefore are "debts" as that term is defined by 15 U.S.C. § 1692a(5); namely, a Best Buy credit card which was issued by HSBC Bank. Plaintiff applied for this credit card specifically to purchase a laptop.

8.  By virtue of this debt, Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3);

9.  Plaintiff's laptop was stolen in October 2009.

10. Plaintiff was enrolled in a debt cancellation program which protected him in case of damage, loss, or theft of the merchandise.

11. On or about October 24, 2009, HSBC only credited ~$900.00 against Plaintiff's debt, which left a remaining balance.

12. Subsequently, Plaintiff was in continual contact with HSBC to correct this error and to give him credit for the remaining balance.

13. Concurrently, the debt was consigned, placed or otherwise transferred to Defendant LDG Financial for collection from Plaintiff.

14. On or about April 28, 2011 HSBC credited to Plaintiff what would have been the remaining balance, but due to HSBC's delay Plaintiff still owed ~$1200.00 in accrued interest.

*Calls to Plaintiff: LDG Financial*

15. Beginning in November 2010, Defendant LDG Financial's collector, Defendant Jane Doe attempted to contact Plaintiff on his home phone regarding this debt.

16. Defendant Doe said that HSBC had turned this account over to collections

17. Plaintiff said that he had debt cancellation and that he didn't owe this money.

18. Defendant told Plaintiff that this wasn't her problem.

19. Plaintiff told Defendant Doe to not call back and then hung up.

20. Defendant immediately called Plaintiff's cell phone and told him not to hang up and that she wouldn't stop calling until he paid.

21. Plaintiff, upset by Defendant Doe's behavior, uttered an expletive and then hung up.

22. Defendant Doe then proceeded to immediately call Plaintiff back on the house phone, which Plaintiff refused to answer.

23. This pattern of events occurred on multiple subsequent occasions, with expletives being exchanged.

24. On some of these calls, Plaintiff's mother would pick up and Defendant's collectors would tell her that they were calling on behalf of a debt collector about her son's laptop.

25. All of the above-described collection communications made to Plaintiff by Defendant Doe were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(b), 1692d, 1692d(2), 1692d(5), 1692e, and 1692f, amongst others.

## LEGAL APPLICATION

26. All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant Global, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

27. The above-detailed pattern of conduct by these Defendants of harassing Plaintiff and his mother in an effort to collect his debt constitutes violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

28. Due to these series of abusive collection calls by Defendant LDG and its employees, Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, frustration, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy

29. Defendants' repeated disclosures of Plaintiff's indebtedness to third parties was an invasion of his privacy and his right to financial privacy

30. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of the Plaintiff and caused him unnecessary personal strain in his relationship with his mother.

### Respondeat Superior Liability

31. The acts and omissions of Defendant Doe, who communicated with Plaintiffs and various third parties as further described herein, were committed within the time and space limits of the former's agency relationship with her principal, Defendant Global.

32. The acts and omissions by Defendant Doe were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Global in collecting consumer debts.

33. By committing these acts and omissions against Plaintiff, Defendant Doe was motivated to benefit their principal, Defendant LDG.

34. Defendant LDG is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

### COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of each Defendant constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

37. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff; and

d) For such other and further relief as this Court deems just and proper.

## COUNT II. INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

38. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

39. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:
Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
15 U.S.C. § 1692(a) (emphasis added).

40. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

41. Defendants intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt that he apparently did not owe and thereby invaded Plaintiff's privacy.

42. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

43. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, private concerns or affairs, and private financial information.

44. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

45. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

a) For an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff;

b) For an award of reasonable attorney's fees and costs; and

c) For such other and further relief as this Court deems just and proper.

**TRIAL BY JURY**

46.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

Respectfully submitted this 26th day of July, 2011

BRIAN L. MILLER


By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
rrowe@rowepllc.com